†THE CITY OF TOLEDO v. MICHAEL M. GOULDEN.

FRANK GATES ET AL. v. THE CITY OF TOLEDO.

LIABILITY OF MUNICIPALITY FOR, WHERE A CONTRACTOR CANNOT COLLECT CITY IMPROVEMENT ASSESSMENT.

> An assessment having been made for city improvement, the same was declared illegal by the courts. Thereupon the contractor brought suit against the city for the amount of the assessment and the amount of his attorney's fees for defending the assessment in the former suits. The city admitted its liability for the assessment, but not for the attorney fees.
>
> *Held*, That the city was not liable for the attorney fees.

HAYNES, J.

These cases come into this court on petitions in error to reverse the judgment of the court of common pleas, and in each of them the same question arises. That question is, whether, where a contract is made by a party for the performance of work, either in building sewers, or the improvement of a street, or the building of a sidewalk in the city of Toledo, with the city of Toledo, and there is an agreement in the contract that the contractor is to be paid by an assessment to be levied upon abutting property, and upon the completion of the work an assessment is made and the contractor receives the assessment and attempts to collect it, and it is held by the courts to be an invalid assessment, and the contractor makes his claim against the city for the amount of the contract price of his work, he can include in that claim, and maintain it as against the city, his expenses for counsel and attorneys' fees in the prosecution of the suit or claim for the collection of the assessment.

The amounts in these cases are not large, but the question, nevertheless, is an important one, because there are many cases of this kind arising.

For between forty and fifty years the city of Toledo has been carrying forward a vast number of improvements of the character that are spoken of, either in the building of sewers, the grading and paving of streets, or the making of sidewalks in the city; and during all that time, it is a matter of history that contracts of the character and kind that are mentioned here have been made between the city and contractors, and assessments have been assigned to the contractor, and suits have been brought to collect them—suits which have often failed for the reason that the assessments were invalid, and claims have been made of the city for the contract price of the work, and paid by the city, and, so far as I am or any member of this court is advised, no case prior to the cases that are mentioned here that I shall speak of hereafter, have ever arisen wherein it has been held by any court that the contractor was entitled to recover as a part of his damages his expenses paid to his attorneys for prosecuting the suit. Although the state of Ohio contains many large cities which have been carrying on this same kind of work in the making of improvements, and although various claims and important questions have been submitted to the decision of the supreme court, involving almost every variety of questions that can arise under the municipal laws governing work of that kind, yet no suit has ever been prosecuted in that court wherein that question has been raised as to whether these attorneys' fees can be collected under the circumstances that I have mentioned, so that there is no decision of the supreme court upon that question. The only significance this has is that by the concurring testimony of the members of the bar, the legal profession, the right does not exist in the party to recover for attorneys' fees in that class of cases, because many ingenious men, learned lawyers, have been engaged in these various suits and claims, and questions of interest have often arisen, but never this; save, I should say,

†The judgment in this case was affirmed by the Supreme Court; see opinion, 57 O. S., 105.

that there have been two decisions—one made by the superior court of Cincinnati in general term, two of the judges sitting, which will be found in *Kirchner* v. *Cincinnati*, 9 Dec. R., 000, wherein that court sustained a claim of that kind,. and one in 6 O. C. D., 330, wherein the circuit court of Hamilton county held otherwise. And there have been two decisions made in this county—one by Judge HARMON, about a year ago, *Goulden* v. *Toledo*, 5 Dec., 32, wherein he held in one of these cases that attorneys' fees might be recovered, and one by Judge LEMMON, in the other case which is before us, in which he held that they could not be recovered.

The case cited from 6 O. C. D., 330, is that of *Cincinnati* v. *Charles J. Steadman, Trustee*. The question was made before that court and it held that attorneys' fees could not be recovered. That decision was delivered by Judge SMITH, who· is a very able and learned judge, and is before us. With that decision, and with ·the statement that is made by that court of the condition of the law throughout the country and as to the condition of the law in the state of Ohio we are entirely content and are willing to adopt it as the decision of this court.

We have listened to the cases that have been cited by counsel for the contractors. He has argued the case with ability, and has exhibited a great deal of industry in gathering together authorities which bear upon the general question. He finds cases in some of the states in which, upon the failure of title to personal property that has been sold, it is decided that parties may recover attorneys' fees. for defending that title. He finds, of course, as he has found in this state, upon a· breach of covenant of warranty under a deed, that a party may recover for attorneys' fees in defending. But a large number of cases are cited holding the contrary doctrine.

What the supreme court may ultimately do in this case we do not know, of course, but we are clearly of the opinion that if any change is made in the law from what it is generally accepted to be by the profession in the state, that change should be made by the supreme court of the state. Our own notions are that attorneys' fees ought not to be allowed, although argument may be made and reasons may be given in favor of their allowance. But it should be remembered that when these contracts are taken, they are taken in a town where this claim has never been made and where no such claim has ever been allowed, and where the contractor would suppose that they never would be allowed; where the contract is made, really, upon the assumption that the city would make a good and sufficient assessment. The history of the assessments in this city, however, shows that they are very often defective and very often defeated, and it may be presumed that he contracts with that state of facts in view.

The case of *The City of Toledo* v. *Goulden* is reversed, and the case of *Gates* v. *The City of Toledo* is affirmed.

*Stephen Brophy*, Attorney for Goulden and for Gates.

*C. F. Watts*, City Solicitor.